IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Travis L. Wedmore, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE § 1915A SCREENING** |
| | ) | |
| vs. | ) | |
| | ) | |
| Brian Jorgenson, et al., | ) | |
| | ) | Case No. 1:14-cv-149 |
| Defendant. | ) | |

Plaintiff, Travis L. Wedmore, is an inmate at the North Dakota State Penitentiary. He initiated this action with the filing of a pro se complaint on December 2, 2014, along with an application to proceed *in forma pauperis*. The court granted Wedmore's request to proceed in advance of payment of the full filing fee. Subsequent to the filing of the initial complaint, Wedmore filed a proposed amended complaint. He also filed what the court will deem to be two supplements to his complaint on January 6, 2015, and February 6, 2015. Wedmore also filed a consent to the undersigned's handling of this action.

This matter is now before the court for an initial screening pursuant to 28 U.S.C. §1915A. In performing its screening, the court will consider the amended complaint and the two supplements as one pleading.

There are a number of deficiencies in Wedmore's pleading. The primary one is the failure to allege a basis for this court's jurisdiction, which is a mandatory requirement under Fed. R. Civ. P. 8(a)(1) since a federal court has limited jurisdiction. Another related deficiency is the failure to allege a basis for his claims.

One possibility, if Wedmore wants to sue for a violation of his federal constitutional or

1

statutory rights, is an allegation that his individual claims are for a violation of his federal constitutional or statutory rights pursuant to 42 U.S.C. § 1983 along with an allegation that the court has jurisdiction under 28 U.S.C. § 1343(a)(3), which provides the court with jurisdiction to hear claims for violations of a person's federal civil rights. If Wedmore wants to sue for something else, he needs to allege a basis for his claims along with a basis for the court's jurisdiction, so defendants are put on notice of what his claims are and so that the requirement for alleging a proper basis for the court's jurisdiction is fulfilled.[1] Also, if Wedmore wants to sue for a violation of his rights under a federal statute, he needs to identify the law in some fashion. If Wedmore wants to sue for a violation of his federal constitutional rights, an allegation of what rights he claims have been violated with respect to each claim would be helpful, such as a violation of the Eighth Amendment (cruel or unusual punishment) or a violation of the Fourteenth Amendment (failure to provide due process) - although the court may cut him some slack if the factual allegations set forth a sufficient claim for a federal constitutional violation.

Also, the court observes that Wedmore wants to sue a number of individuals both in their official and individual capacities. However, for most (if not all of the named individuals), Wedmore fails to allege in his complaint what specific acts <u>each</u> of them did or failed to do as reasons why they should be held responsible. Merely alleging a wrong and naming a number of individuals is not enough to allege a claim against the named individuals, particularly in their individual

---

[1] Usually when prisoners sue, the court is not confronted with failure to properly invoke the court's jurisdiction because the prisoners often will use a form (which should be available at the NDSP) for bringing a suit for a violation of federal civil rights that includes the necessary allegations for both the basis of the suit and the court's jurisdiction. In this case, Wedmore can use this form and attach his amended complaint and supplemental documents to it and resubmit it. Also, he can redo his present pleadings and include the necessary allegations alleging the basis for his suit and the court's jurisdiction.

capacities.[2] Based on the foregoing, it is hereby **ORDERED** that above action will be dismissed without prejudice and without further notice if Wedmore has not filed an amended pleading on or before July 31, 2015, that cures the jurisdictional defect along with the defect of failing to state a basis for his claims. It is also **ORDERED** that the Clerk forward to Wedmore a PLRA packet that he may use (but is not required to use) if wants to assert his claims are for a violation of his federal civil rights.

   Dated this 30th day of June, 2015.

             */s/ Charles S. Miller, Jr.*
             Charles S. Miller, Jr., Magistrate Judge
             United States District Court

---

[2] In pointing out these deficiencies, the court has not concluded that the remainder of the allegations necessarily state viable claims. For example, the mere failure of the NDSP to follow its own internal rules or policies may not constitute a violation of a prisoner's federal civil rights.