IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Travis L. Wedmore, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Brian Jorgenson, et. al., | ) | Case No. 1:14-cr-149 |
| | ) | |
| Defendants. | ) | |

On May 18, 2016, plaintiff filed what the court construes as a motion to compel and which reads as follows:

> I am writing to request a Court Order to obtain/have access to Institutional Records from the NDDOCR in regards to Claims 2, 3 and 6 for my Lawsuit (Travis L. Wedmore v. Brian Jorgenson, et. al. **Case No.** 1:14-cv-149).
>
> In the Second Claim
> In regards to Elton Hotain #37637 filing a "False" sexual harassment against me... I want access to all the records kept on that incident between the dates of March 25th, 2014 until May 29th, 2014.
>
> In regards to hanging myself ... I want access to all the records kept on that incident between the dates of May 12th, 2014 until May 29th, 2014.
>
> In the Third Claim:
> In regards to being placed in Observation, following my suicide attempt ... I want access to all the records kept on that incident between the dates of May 12th, 2014 until May 22nd, 2014.
>
> In the Sixth Claim:
> In regards to being found guilty of having Sexual Contact with 5 other inmates, and being one of the "only" two inmates to be placed in Administrative Segregation ... I want access to all the records kept on that incident between the dates of September 8th, 2014 until August 8th, 2015.
>
> The Records will be used as evidence in my Lawsuit. They are necessary to complete my Discoveries and Testimonies.

1

>     This concludes my request . . . Thank You!

(Docket No. 36) (errors in original). On June 3, 2016, plaintiff filed what the court a second motion to compel that mirrors his first motion.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Rule 37(a) of the Federal Rules of Civil Procedure provides in relevant part that "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

It is incumbent on the parties to conduct their own discovery. The court will not typically involve itself in the discovery process unless a dispute arises between the parties that cannot be resolved without court intervention. The court may compel a party or nonparty to comply with a discovery request, but such an order presupposes the existence of a valid discovery request.

Here, it not entirely clear whether plaintiff served defendants with written requests for production of documents prior to filing the motions to compel now before the court; there is nothing in the record to indicate that defendant made any discovery demands on defendants or otherwise conferred with them prior to filing the instant motions to compel. Absent any indication from plaintiff that he has made a good faith effort to obtain discovery, the court is not inclined to take any action on plaintiff's discovery requests. Accordingly, plaintiff's motions (Docket Nos. 36 and 38)

are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court