# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Travis L. Wedmore, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Brian Jorgenson, et al., | ) | |
| | ) | Case No. 1:14-cv-149 |
| Defendant. | ) | |

On August 25, 2016, plaintiff filed what the court construes as a motion to compel and for additional time to complete discovery. The motion reads as follows:

> 1. I requested the Records for the time I was in Observation (between May 12th and May 22nd, 2014). But I never received them . . . I need them to prove what actually happened. But if I don't get them, then I have no way of providing the records for the exhibits for that claim.
> "What do they have that they need to hide?" By not allowing me access to those records, they must be hiding something.
> Could you get me the records for the dates listed above?
>
> 2. I need a little more time . . . I am in the process of typing up my exhibits and discoveries, as I just received some (NOT ALL) of my records as requested. I am still waiting/trying to get the records for what I wrote about in #1 . . . Can you please give me a couple more weeks?
>
> 3. I need some assistance . . . I don't know what to do with the #2 on the "Discovery Plan." It states: The parties shall provide names of expert witnesses and complete reports under Rule 26(a)(2) as follows:
>     Plaintiff by August 22, 2016
>     Defendant by September 22 2016:
> Could you please me understand what I have to do?
>                     Thank you!

(Docket No. 46).

On September 8, 2016, defendants filed a response in opposition to plaintiff's motion. First,

1

they maintain that they have already produced internal North Dakota State Penitentiary memoranda between staff, incident reports, hearing records, and copies of plaintiff's inmate requests in response to plaintiff's discovery requests. Second, insofar as plaintiff is seeking production of medical, psychological, or treatment records from May 12-22, 2014, they assert: (1) such records are considered confidential under N.D.C.C. § 12-47-36(2)[1] and can only be released pursuant to a court order; (2) plaintiff neither formally requested a court order to release these records nor otherwise demonstrated that he has a proper and legitimate purpose for inspecting these records.

On September 13, 2016, defendants filed a motion to extend the September 30, 2016, dispositive motion deadline by 30 days. The basis for their motion is that they have new counsel, who needs additional time to review the case and prepare a dispositive motion.

On September 15, 2016, plaintiff filed a another motion to compel production of all institutional records generated while in he was held in observation from May 12 until May 22, 2014.

Having reviewed the record, the court concludes that plaintiff has articulated a proper and legitimate purpose for inspecting records generated while he immediately following his alleged suicide attempt, subsequent treatment, and five days spent in observation. What care plaintiff was provided and how he was treated while in observation are at issue. Accordingly, the court **GRANTS** plaintiff's motions (Docket No. 46 and 51) in part. Defendants shall provide plaintiff

---

[1] N.D.C.C. § 12-47-36(2) provides:

The medical, psychological, and treatment records of the department of corrections and rehabilitation or its divisions or departments relating to persons in the custody or under the supervision and management of the division of adult services of the department of corrections and rehabilitation are confidential, and may not be disclosed directly or indirectly to any person, organization, or agency, except as otherwise provided in this section. A district court may order the inspection of medical, psychological, and treatment records, or parts of those records, upon application to the court and a showing that there is a proper and legitimate purpose for the inspection of the records, with service of the application on the department of corrections and rehabilitation and opportunity for the department of corrections and rehabilitation to submit a written response.

2

with a copy of his medical, psychological, and treatment records from May 14, 2014, through May 19, 2014.

For good cause shown, the court also **GRANTS** defendants' motion (Docket No. 48). The deadline for filing dispositive motions shall be extended until October 31, 2016.

**IT IS SO ORDERED.**

Dated this 19th day of September, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court
